IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**MEAGHIN JORDAN, ET AL.**                                                                **PLAINTIFFS**

**V.**                                         **CAUSE NO. 3:15-CV-821-CWR-LRA**

**MAXFIELD & OBERTON HOLDINGS LLC, ET AL.**                                          **DEFENDANTS**

**ORDER**

The Court has reviewed Evanston's motion for summary judgment, read the earlier-filed briefs on the Jordans' payment-related motions, and discussed this case with counsel during a telephone conference on July 30, 2020. It believes that two issues remain.

The first is whether excess insurer Evanston can be relieved of all its duties toward its insureds. Evanston believes that a previous settlement that exhausted the primary insurance was improper, and says that the jury verdict on the Jordans' product liability claims confirms that Evanston has no further duties in this matter. The second, related issue is the Jordans' argument that Evanston must pay the $20 million consent judgment that the Jordans entered into with M&O's chief executive officer Craig Zucker.

Evanston's motion will be denied as to its duty to defend. There is no persuasive reason to second-guess the primary insurer's decision to completely defend its insured, Zucker, by facilitating a settlement between the Jordans and Zucker. At the time of the settlement it was a reasonable decision given the Jordans' evidence of bodily injury, Zucker's potential exposure at trial, and the coverage provided by the policy of insurance. And in the intervening years there has been no evidence of collusive or other improper behavior sufficient to say that the settlement invalidated the excess insurer's duties. *See, e.g.*, *Aggreko, L.L.C. v. Chartis Specialty Ins. Co.*, 942 F.3d 682, 697 (5th Cir. 2019) (applying Texas law).

The Court is also not convinced that the product liability verdict negates Evanston's duty to defend. "An insurer's duty to defend ends if it establishes as a matter of law that there is no possible factual or legal basis on which it might eventually be obligated to indemnify its insured under any policy provision." *Employers Ins. Co. of Wausau v. Northfield Ins. Co.*, 150 F. Supp. 3d 196, 201 (E.D.N.Y. 2015) (quotations, citations, and ellipses omitted). Although the case is now on appeal, Evanston should not be permitted to abandon its insureds while the plaintiffs' appeal as of right is pending. If the Fifth Circuit reverses for a new trial, Evanston's insureds will once again face substantial exposure to the Jordans' product liability claims.

That said, the Jordans have also failed to persuasively show that Evanston is required to pay the $20 million judgment they reached with Zucker. Evanston's duty to defend its insureds "is much broader" than its duty to indemnify. *Burroughs Wellcome Co. v. Commercial Union Ins. Co.*, 713 F. Supp. 694, 698 (S.D.N.Y. 1989) (citation omitted); *accord Acadia Ins. Co. v. Hinds Cty. Sch. Dist.*, 582 F. App'x 384, 387 (5th Cir. 2014) (noting that Mississippi law provides the same). Whereas the duty to defend hinges on "the 'possibility' of coverage," the "duty to indemnify requires a *covered* loss." *Burroughs Wellcome*, 713 F. Supp. at 699 (citation omitted). As the *Acadia* Court explained,

> an insurer's duty to indemnify generally cannot be ascertained until the completion of litigation, when liability is established, if at all . . . because . . . the duty to indemnify turns on the actual facts giving rise to liability in the underlying suit, and whether any damages caused by the insured and later proven at trial are covered by the policy.

582 F. App'x at 387-88 (quotations and citation omitted). Consequently, the court usually should not take up the issue of the duty to indemnify until the resolution of the underlying lawsuit. *Id*. at 393 (citing *Barden Miss. Gaming LLC v. Great Northern Ins. Co.*, 576 F.3d 235, 239-40 (5th Cir. 2009)).

In this case, the actual facts require "separate and distinct" outcomes for the "separate and distinct" duties to defend and to indemnify. *Burroughs Wellcome*, 713 F. Supp. at 698 (citation omitted). The relevant policies cover bodily injuries. The jury has now determined that the plaintiffs should not recover anything on their bodily injury claims. This factual finding should control, rather than the sum agreed-upon by the Jordans and Zucker, because although Evanston was obstinate in its unwillingness to help out its insureds, there was a chain of insurers in this case that never actually left Zucker unrepresented or exposed. *See id.* ("It is well settled that where an insurer denies coverage, the insured may make a reasonable settlement or compromise of the injured party's claim rather than proceed to trial to determine its legal liability."). On this record, Evanston is not required to indemnify Zucker for the $20 million pre-trial consent judgment.

For these reasons, the Court shall grant a declaratory judgment requiring Evanston to continue to defend its insureds against the Jordans' product liability claims. A separate Final Judgment shall issue.

**SO ORDERED**, this the 31st day of July, 2020.

> s/ Carlton W. Reeves
> UNITED STATES DISTRICT JUDGE