IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**MEAGHIN JORDAN, ET AL.**                                           **PLAINTIFFS**

**V.**                          **CAUSE NO. 3:15-CV-821-CWR-LRA**

**MAXFIELD & OBERTON HOLDINGS**                    **DEFENDANTS**
**LLC, ET AL.**

## ORDER

The plaintiffs now seek to add five documents to the appellate record. This Court ordered expedited briefing and, on January 29, 2021, held a hearing on the plaintiffs' motion. *See United States v. Page*, 661 F.2d 1080, 1081–82 (5th Cir. 1981) (describing with approval similar process). The Court is generally familiar with the documents, having considered them during *in camera* proceedings earlier in this litigation.

The present motion is governed by Federal Rule of Appellate Procedure 10(e). The Rule provides, in its entirety,

> (1) If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly.
>
> (2) If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded:
>     (A) on stipulation of the parties;
>     (B) by the district court before or after the record has been forwarded; or
>     (C) by the court of appeals.
>
> (3) All other questions as to the form and content of the record must be presented to the court of appeals.

Fed. R. App. P. 10(e).

"Rule 10(e) exists to allow the district court to conform the record to what happened, not to what did not." *United States v. Smith*, 493 F.2d 906, 907 (5th Cir. 1974). "What in fact went

on below may be settled and placed of record pursuant to Rule 10(e) and whatever proceedings are necessary to that end are permissible. New proceedings of a substantive nature, designed to supply what might have been done but was not, are beyond the reach of the rule." *Page*, 661 F.2d at 1082.

In this situation, this Court specifically recalls reviewing the five documents during the product liability portion of this case. They were emailed to chambers in accordance with the Local Rules' provisions regarding confidential documents. They are not "new" to the proceeding.

To this, Evanston argues that the documents should not be added to the record because they concerned the product liability portion of the case, which proceeded under Cause No. 3:15-CV-220. The argument is unpersuasive because the Cause Numbers were divided merely for the convenience of the Court and the attorneys. That documents from a product liability settlement are relevant and material to the related dec action is utterly normal.

At the end of the day, this Court believes that because it considered these documents in rejecting the first proposed judgment, they must be transmitted to the Court of Appeals. That court is entitled to know the truth of what happened here, so that it may correct any errors.

Pursuant to Federal Rule of Appellate Procedure 10(e)(2)(B), therefore, the Court finds that documents material to the plaintiffs were omitted from the record by error or accident. The plaintiffs shall immediately file a Notice of Conventional Filing and submit the five documents in question to the Clerk of this Court for filing under "restricted" access. Thereafter, the Clerk shall create, certify, and forward to the Court of Appeals a supplemental record.

**SO ORDERED**, this the 29th day of January, 2021.

                                          s/ Carlton W. Reeves
                                          UNITED STATES DISTRICT JUDGE